# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * *
DANIELLE JENNINGS,           *     No. 16-779V
                             *     Special Master Christian J. Moran
          Petitioner,        *
                             *
v.                           *     Filed: October 19, 2020
                             *     Reissued: April 22, 2021
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *     Redaction
                             *
          Respondent.        *
* * * * * * * * * * * * * * * * * * * * *
```

Scott W. Rooney, Nemes, Rooney P.C., Farmington Hills, MI, for petitioner;
Darryl Wishard, U.S. Dep't of Justice, Washington, DC, for respondent.

## ORDER DENYING MOTIONS FOR REDACTION[*]

Danielle Jennings alleged that the human papillomarvius vaccine caused her various problems, including asthma. Pet., filed June 30, 2016. A decision issued July 8, 2020 found that she was not entitled to compensation. CM/ECF 155. Pursuant to 42 U.S.C. § 300aa–12(d)(4) and Vaccine Rule 18(b), on July 21, 2020, Ms. Jennnings filed a motion (CM/ECF 156) requesting redaction of her name and medical information contained in the decision. This motion was denied. Order, issued Sept. 15, 2020 (CM/ECF 167). Neither the July 8, 2020 decision nor the September 15, 2020 order has been made available to the public via a posting on the Court's website.

---

[*] The parties were informed that this order would be made available to the public. Ms. Jennings sought redaction of her decision, but her motions were denied. Orders, issued Oct. 19, 2020 and Sep. 15, 2020. After Ms. Jennings requested that the Court of Federal Claims review the orders denying redaction, the Court denied the motion for review. Order, issued Feb. 8, 2021. Accordingly, this order is being posted as originally submitted, except for modification to this footnote.

Ms. Jennings has filed two more motions to redact on September 29, 2020. One of these motions (CM/ECF 172) again seeks redaction of the July 8, 2020 decision. This motion is approximately two pages in length, accompanied by a proposed redacted version of the July 8, 2020 decision.

The second of these motions (CM/ECF 173) seeks redaction of the September 15, 2020 order. The motion is essentially the same as the other motion filed on September 29, 2020. The proposed redaction of the September 15, 2020 order removes one line.

The September 29, 2020 motions differ from the July 21, 2020 motion. In the former motion, Ms. Jennings sought redaction of her name and her medical conditions on the grounds of potential embarrassment and potential interference with obtaining a job. In the presently pending motions, Ms. Jennings has not sought redaction of her name. Instead, Ms. Jennings has sought redaction of the medical conditions for which she sought compensation.

On October 5, 2020, respondent filed a response to the two motions to redact (CM/ECF 172, 173). Respondent noted that Ms. Jennings had not submitted any additional evidence in these two motions to distinguish them from the original motion to redact. Resp't's Resp. at 5. While respondent asserted that "the reasons again stated by petitioner in these additional two Motions do not seem particularized to warrant the relief requested," respondent "ultimately defers to the Special Master's judgment as to whether petitioner's Motions should be granted." Id.

The September 15, 2020 order set forth the standards for evaluating requests redaction, keyed to Ms. Jennings's request to remove her name. Under those standards, Ms. Jennings was required to make some showing about particular facts and circumstances that warrants redaction in her case.

The two pending motions do not make this individualized argument. Ms. Jennings presents these general arguments: the disclosure of the medical information "will result in a clearly unwarranted invasion of privacy and does not advance the Act's purpose," "[t]he redaction[s] herein are for removal of medical information and files which constitute a clearly unwarranted invasion of privacy," and "[t]here exists no harm nor any violation of the public policy purpose of the

Act to allow redaction of the Petitioner's name[1] and medical information." Pet'r's Mot. at 2.

The breadth of Ms. Jennings' arguments are their undoing. If Ms. Jennings could obtain redaction for these reasons, then Congress's expectation that decisions of special masters would be available to the public would be thwarted. As discussed in <u>House v. Sec'y of Health & Human Servs.</u>, No. 99-406V, 2012 WL 402040 (Fed. Cl. Spec. Mstr. Jan. 11, 2012), the requirement about the content of a decision from a special master is that "certain medical information pertinent to the evaluation of petitioner's claim will be contained in an issued decision."

Here, especially with respect to the July 8, 2020 decision, the information that Ms. Jennings seeks to have redacted is essential to the evaluation of her claim. As analyzed in the July 8, 2020 decision, Ms. Jennings did not establish that she suffered from most of the conditions for which she sought compensation. To strip away those portions of the July 8, 2020 decision that discuss the conditions for which she sought compensation would make the July 8, 2020 decision unintelligible and useless to members of the public. Ms. Jennings has not justified this outcome.

For these reasons, both of Ms. Jennings's two September 29, 2020 motions to redact are denied.[2]

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u><br>
Christian J. Moran<br>
Special Master

---

[1] The reference to "Petitioner's name" appears to be carried forward unintentionally as petitioner proposed redacted version retains her name.

[2] On October 14, 2020, Ms. Jennings filed a motion for review of the September 15, 2020 order, denying redaction. The undersigned will not make the July 8, 2020 decision or the September 15, 2020 order denying redaction available to the public until the Court addresses the October 14, 2020 motion for review.

3